IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO REGGIE
COOK-MORALES, SR.,

    Plaintiff,

  vs.

WILLIAM J. DAVIS, et al.,

    Defendants.

No. 2:16-cv-2388-MCE-CMK

ORDER

       Plaintiff, proceeding in propria persona, brings this civil rights action under 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must

dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

The Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995). "[A] pro se litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007). While "[s]pecific facts are not necessary; the statement [of facts] need . . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotes omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, see id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

/ / /

/ / /

# I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges his child was taken from his custody without due process. He states the defendants did not allow him to make temporary care arrangements for his child when he was incarcerated in a separate matter.

# II. DISCUSSION

Plaintiff's complaint suffers from numerous deficiencies. As to his complaint in general, § 1983 imposes liability upon any person who, acting under color of state law, deprives another of a federally protected right. 42 U.S.C. § 1983 (1982). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff appears to be bringing in an official-capacity suit against county employees. The Supreme Court has explained the difference between personal- and official-capacity suits. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in

contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' " Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citing Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974); quoting Monell, 436 U.S. at 690, n. 55). "Suits against state officials in their official capacity therefore should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing Graham, 473 U.S. at 166). "[I]n an official-capacity action . . . a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law." Graham, 473 U.S. at 166 (citing Polk County v. Dodson, 454 U.S. 312, 326 (1981); Monell, 436 U.S. at 694).

Here, there are no specific allegations in the complaint that any policy or custom played a part in the alleged violation of plaintiff's rights. While exactly what happened is unclear, it appears that what ever happened in the removal of plaintiff's child from his custody were defendants' individual actions, not necessarily based on some policy or custom. Plaintiff's requested relief is similarly unclear. It is possible he is asking for prospective declaratory or injunctive relief, as he has requested "reform and recourse," but it is unclear what that means.

In addition, if plaintiff is only seeking a declaratory judgment, it is unclear whether plaintiff can satisfy the case or controversy requirement. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citing Flast v. Cohen, 392 U.S. 83, 94–101 (1968); Jenkins v. McKeithen, 395 U.S. 411, 421–425 (1969) (opinion of MARSHALL, J.)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 144 U.S. 488, 493 (1974).

In this case, it appears that even if the events plaintiff's alleges violated his Constitutional rights, there does not appear to be any significant or real possibility of continuing

4

or future injury. From what the court can understand of plaintiff's complaint, the alleged violation, removal of his child from his custody without due process, occurred due to his arrest on a separate matter. It would appear, therefore, that any threat to plaintiff would only occur if plaintiff is arrested again, which "does not create the actual controversy that must exist for a declaratory judgment to be entered." Lyons, 461 U.S. at 104.

In addition, plaintiff has named three judges as defendants: William J. Davis, Laura Masunaga, and Karen L. Dixon. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987). There is nothing in the complaint to indicate these individuals are named for actions arising outside of their judicial duties. In fact, as set forth above, these individuals are named only in their official capacity. It is therefore clear on the face of the complaint that these individuals are immune from this action. If plaintiff includes these individuals in any amended complaint that is filed, the undersigned will recommend they be dismissed as immune defendants.

Overall, plaintiff's claims and allegations are too vague for the court to determine whether he is able to state a claim for relief. The court has an obligation to construe pro se pleadings liberally. See Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d

266, 268 (9th Cir. 1982). The factual statements in plaintiff's complaint are simply too vague and conclusory for the court to determine whether this action is frivolous, fails to state a claim for relief, or if this court has jurisdiction over the claims. Either way, the court has determined that the complaint does not contain a short and plain statement as required by Federal Rule of Civil Procedures 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. See Jones v. Comty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claim, and how those act violated her rights. See id. Because plaintiff has failed to comply with the requirements of Rule 8(a)(2), the complaint must be dismissed. However, as it appears possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: May 23, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE