# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

FERNANDO REGGIE COOK-MORALES, SR., et al.,

Plaintiffs,

v.

WILLIAM J. DAVIS, et al.,

Defendants.

No. 2:16-CV-2388-MCE-DMC

ORDER

Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the court is plaintiffs' second amended complaint (Doc. 11).

The court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter

1

jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiffs' second amended complaint, filed pursuant to the court's May 23, 2018, order.[1] Plaintiffs name the following as defendants: (1) Siskiyou County Sheriff's Department; (2) Siskiyou County Health and Human Services Child Protective Services; (3) Darrell Frost; (4) Mireya Cabron; (5) John Zook (6) Charlie Nowdesha; (7) Valerie Linfoot; (8) Suzanne Hogue; (9) Stacey Cryer; (10) Katherine O'Shea; (11) Debbie Walsh; (12) Angeline Zufelt; and (13) Josh Hopkins.[2] According to plaintiff:

> The child protective services social workers acted in their official capacities while acting under the color of the state law which led to the constitutional deprivation and violations.
> Siskiyou County Child Protective social workers used the juvenile dependency court process to deprive constitutional rights and fundamental liberty interest of parent.
> California child protective services social workers use the California Department of Social Services Division 31-100 regulations and Welfare Institutional code 300 section B and section g to commence Chapter 16 juvenile dependency rules – 16.01 and the juvenile dependency court proceedings to deprive constitutional rights and fundamental liberty interest of parent.
> Child Protective Services social workers and law enforcement officials were acting according to their counties [sic] customs, policies, cultures, and practices well [sic] acting in their official capacity to deprive me and my child of our federally protected constitutional rights.

Doc. 11, pgs. 9-10.

/ / /

/ / /

/ / /

---

[1] The May 23, 2018, order erroneously references plaintiff's complaint at Doc. 1 but correctly analyzed the allegations outlined in plaintiffs' first amended complaint at Doc. 3, which was filed as of right pursuant to Federal Rule of Civil Procedure 15(a)(1).

[2] William Davis, Laura Madunaga, and Karen Dixon, Siskiyou County Superior Court judges, were named as defendants in the first amended complaint but are no longer named as defendants in the second amended complaint. The Clerk of the Court will be directed to update the docket to terminate these individuals as defendants to this action. Siskiyou County Sheriff's Department and Siskiyou County Health and Human Services Child Protective Services are named as defendants for the first time in the second amended complaint. The Clerk of the Court will be directed to update the docket to reflect these entities as defendants to the action.

Plaintiff outlines the following specific factual allegations:

    1.    On July 19, 2016, "sheriff's officials took my child" without a warrant or prior judicial authorization.

    2.    In the same day, "sheriff's officials" arrested plaintiff at his private property without a warrant.

    3.    "Child protective services agency social workers" filed a juvenile dependency petition in state court pursuant to California Welfare & Institutions Code § 300(b) & (g).

    4.    Defendant Josh Hopkins filed the dependency petition, detention report, and disposition report without first-hand knowledge of the information presented in the documents.

    5.    Plaintiff was not allowed to place his child in the temporary care of a close family relative or non-family member friend.

    6.    Plaintiff's child was never in imminent danger of neglect or exploitation.

Doc. 11, pgs. 10-11.

## II. DISCUSSION

Under the Rooker-Feldman abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005).

Given plaintiffs' allegations regarding juvenile dependency proceedings in state court, it is possible this action is barred under the Rooker-Feldman abstention doctrine. Plaintiffs will be provided an opportunity to further amend the complaint to set forth specific facts related to the state court juvenile dependency action, in particular whether that action has been concluded and, if so, to what result. Plaintiffs should also include any facts related to efforts he made in the context of the state court proceedings to raise the issues he raises in this action concerning alleged

misconduct of state officials in removing his child and initiating dependency proceedings.

Plaintiff also alleges he was arrested without a warrant, which possibly implicates the Younger abstention doctrine. Under Younger v. Harris, 401 U.S. 27 (1971), the district courts should abstain from exercising jurisdiction over civil rights actions pending the outcome of ongoing criminal proceedings related to the alleged civil rights violations. Here, plaintiff states he was arrested, but does not state whether there are ongoing criminal proceedings related to his arrest. If there are such proceedings ongoing, this court would be required to abstain from hearing this matter pending resolution of those proceedings. Plaintiff will be provided an opportunity to further amend to allege facts related to any ongoing criminal proceedings arising from his arrest on July 19, 2016.

To the extent criminal proceedings were initiated against plaintiff and have been resolved adverse to him, this action would be barred under See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994), because success on the merits of plaintiff's Fourth Amendment claim that he was illegally arrested would necessarily imply the invalidity of any criminal judgment rendered against him. In further amending the complaint, plaintiffs should include facts relating to any criminal judgment rendered against him following his July 19, 2016, arrest. In particular, plaintiff should state whether such a judgment occurred and, if so, whether it has been set aside or otherwise invalidated.

Finally, and repeating the court's prior observation regarding plaintiffs' first amended complaint, the second amended complaint fails to provide any specific allegations as to specific named defendants (except for plaintiffs' allegations against defendant Hopkins). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of

official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiffs are entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiffs are informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiffs amend the complaint, the court cannot refer to the prior pleading in order to make plaintiffs' amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiffs choose to amend the complaint, plaintiffs must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiffs are warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiffs are also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the docket to terminate William Davis, Laura Madunaga, and Karen Dixon as defendants to this action and to add Siskiyou County Sheriff's Department and Siskiyou County Health and Human Services Child Protective Services as defendants to this action;

2. Plaintiffs' second amended complaint is dismissed with leave to amend; and

3. Plaintiffs shall file a third amended complaint within 30 days of the date of service of this order.

Dated: February 11, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE